## Moxley, &c. vs. Moxley.

APPEAL FROM SHELBY CIRCUIT.

A testator devised to his widow one-third of his landed estate during her life, "and at her death that part, with the balance of my (his) landed estate to be laid off into seven parts," designating the per-

sons who were to take, some of whom were his children and heirs-at-law. Held, that until the death of the widow the heirs-at law were entitled to the use of the lands, except the one-third which was devised to the widow.

[The facts of the case are stated in the opinion of the court. Rep.]

*T. B. Cochran*, for appellants—

It is a rule, in the construction of wills, that an heir at law can only be disinherited by express words or necessary implication. (*1st vol. Jarman on Wills*, 465, *side page.*)

A devise to the heir at law of the testator, to take effect after the death of a third person, by necessary implication vests that third person with a life estate in the land so devised. (*Jarman on Wills, 1st vol.*, 465.) So if the devise be to one of several co-heirs. (*Ib.* 468.) But a devise to a stranger in like manner does not raise the implication but till the death of the person the land descends to the heirs. (*Ib.* 446.) So where there is an anterior express devise of part of the land for life to the person on whose decease the devise in question is to take effect, the implication does not arise in favor of the person to whom the life estate is expressly given. (*Ib.* 469.) In such case does the land not devised for life pass at once to the devisees, or does it descend to the heir at law until the death of the tenant for life? The rules of construction adopted by the courts of England lead to the conclusion that the lands pass at once to the devisees—the words *after the death* being applied exclusively to the part devised for life. (*Ib.* 470, 1, 2, and authorities there cited.) In the case mentioned at *page* 472 the decision was different; but there the devise was to a stranger.

In the case now before the court, the devise is to a portion of the heirs at law, and one who was not an heir. If the devise had been of all his lands to them, from and after the death of his wife, the implication that she was intended to have a life estate in the

lands must necessarily have arisen; but one-third being expressly given to her for life, the implication does not arise in her favor, according to the tenor of the authorities referred to. The words, at her death, would be restricted to her third, and the remainder pass at once to the devisees. The language of the will is "my wife, Martha D. Moxley, is to have the ' use of one-third of my landed estate during her ' life, and at her death that part, with the balance of ' my landed estate, is to be laid off into seven parts," &c. Construed according to the authorities referred to, the evident meaning and intent of the testator was, that the devisees have the use of the lands not devised for life, till her death, and then to be divided. The postponement of the use only applies to the third; the postponement of the division to the whole.

The words of the will in this case necessarily imply that the devisees are to have the use of the land until the death of the widow, when the whole, including the one-third which she is to enjoy for life, is to be divided. It is not reasonable to suppose that the testator intended the land to decend to the heirs until the widow's death. There could be no motive for such a singular disposition. The only heir who takes nothing by the will is a brother, and the reasonable conclusion is that the testator, for his own reasons, excluded him from any benefit under his will, and gave his lands to his other heirs, intending to them take just as if it had descended, and they should take at his death.

*J. M. & W. C. Bullock*, for appellees—

In this case there can be no estate by implication: 1. Because there is an express devise to the widow for life. 2. Because the devise over is not to the heirs at law of the testator, including as it does Mrs. Blakemore, who is not an heir, and including W. B. Moxley, and Landell Moxley, who are heirs at law. (*See Jarman on Wills*, 1st vol., 465, 6, 7, *and* 8.)

Moxley, &c.
vs.
Moxley.

The devisees cannot take as such until the termination of the particular estate, because, until the division and allotment is made, as required by the will, they cannot take as devisees, consequently, as a freehold cannot be in abeyance, the land must in the meantime descend to the heirs at law. (*Montague vs. Carneal,* 1 *Marshall,* 353.) In other words, the evident intention of postponing the division, as shown by the language of the will, forbids the idea that the devise is other than executory, to take effect upon the death of the widow, until which time the rents and profits of the land belongs to the heirs at law.

The court is referred to the following cases as sustaining our views of this case: *Aspinol vs. Pelvin, King vs. Ringstead,* cited 1st *Jarman,* 472, and 478.

*Tho. N. Lindsey,* on the same side—

The question in this case arises on the construction of the will of S. B. Moxley, in relation to the rights of the devisees and heirs under the will.

Do the devisees take any thing under the will during the life of the widow, or does the lands, except the one-third in which the widow has a life estate, pass to the heirs at law of the testator. The court below decided that the lands passed to the heirs at law until the time for division at the death of the widow, and it is believed the decision was correct.

The will gives no present interest to the devisees except the widow and William Moxley; they are not devisees in remainder in the lands in which the life estate is given, because there is no life estate or other particular estate on which to limit a remainder.

There are three things necessary to make a remainder, viz: "An estate precedent made at the ' same time that the remainder commences; that the ' particular estate continue when the remainder ' vests; and that the remainder be out of the donor ' at the time of livery." (*Plowd.* 25; *Crabb's Law of Real Property,* 2324; *Law Library,* 633.)

There is no vested remainder in this case to any of the lands not covered by the life estates of Mrs. Moxley and Wm. Moxley, because neither William or Mrs. Moxley have any estate therein. The devisees cannot have present possession together, nor have designated to them the several interests they are to have until the death of Mrs. Moxley. The devises are wholly contingent to the persons named, because they may die before Mrs. Moxley, and then no interest can pass to them or their heirs.

In the case of Grigsby, &c. vs. Breckinridge, 12 B. Mon. 633, this court decided "that when a devise is 'made in words that are apparently creative of a fu- 'ture estate, and that even import a contingency, 'such words, if a prior estate has been carved out of 'the estate, will be construed as referring merely to 'the futurity of possession occasioned by the carving 'out of the prior interests, and as pointing out the 'determination of that interest, and not as designed 'as protracting the vesting. The cases under this head 'are referred to in case of Danforth vs. Talbot's admr., '7 B. Mon. 623."

By reference to that case, and the cases referred to therein, it will be seen the particular estate covers the whole lands, and leaves no intermediate title or right undisposed of, and even disposes of the rents and profits by giving all except the comfortable support of the tenant for life to the devisee, who is to take the title at the death of the tenant, or at a future and fixed period.

In this case there is no disposition of the lands outside of the one-third for life to the wife, and consequently as to the two-thirds, the testator dies intestate, and the title, as well as right to use and occupation, descends to the heirs at law until the death of Mrs. Moxley, which may or may not occur so as to cause the estate to pass to the devisees named, if it conveys to them even a contingent remainder.

The question of right to rents seems the only one made, and that we contend was decided correctly by the circuit court.

An affirmance is asked.

June 19, 1857.　Judge Simpson delivered the opinion of the court.

This is a controversy between the heirs at law and the devisees of S. B. Moxley, deceased.

That part of the will of the decedent, by which he disposes of his real estate, and under which the controversy arises, is in the following language, viz:

"*First.* My beloved wife, Martha D. Moxley, is to ' have the use of one-third of my landed estate du- ' ring her life, and *at her death that part, with the bal-* ' *ance of my landed estate*, is to be laid off into seven ' parts, to Mary Ann Shipman and her bodily heirs ' one part, to Elizabeth Fullenwider and her bodily ' heirs one part, to Nancy Moxley and her bodily heirs ' one part, to Martha Moxley and her bodily heirs ' one part, to Sampson B. Moxley and his bodily heirs ' two parts, and to Mary Ann Blakemore and her ' bodily heirs one part." "And my brother William ' Moxley is to have the use of my mill farm during ' his life."

The testator made no disposition of any other part of his estate, nor does his will contain any other devise, except the foregoing, or any expression which tends to manifest his intention with respect to the matter in controversy between the parties.

The heirs at law claim, by descent, all the testator's real estate, which was not devised for life to his widow, and his brother, until the termination of the widow's life estate, at which time, and not before, as they contend, the other devises take effect, and the devisees become entitled to the land under the provisions of the will. On the other hand, the devisees contend that the will invests them with a right to all the land, immediately upon the death of the testator, except that part of it which was devised for life, and that it is alone the division of it among the

Moxley, &c.
*vs.*
Moxley.

devisees which is postponed until the death of the widow.

If the language of this devise be construed according to its ordinary grammatical sense it is evident that no interest in the land is given to the devisees during the life of the widow, *but at her death the part devised to her, with the balance of his landed estate*, is to be divided into seven parts, one of which he gives to each of the devisees. That is the time when they are to have the land according to the provisions of the will. No disposition of it, in the meantime, was made by the testator, and consequently it goes to his heirs at law during that time, unless by some rule of construction the devisees are entitled to it, notwithstanding it has not been expressly devised to them.

It has been decided, that where there is an express devise of part of the lands, to the person on whose decease the general devise is to take effect, *the words at or after the death*, will be applied exclusively to the lands devised expressly for life, by what is called the distributive construction; and the words of devise, without these expressions of postponement, will be applied to the rest of the property, which therefore passes immediately to the devisees. This rule of construction was applied in the cases of *Simpson vs. Hornsby*, and *Doe on dem. Annandale vs. Brazier*, referred to by *Jarman on Wills*, 1 vol., side page, 471.

It seems, however, that in the subsequent case of *King vs. Inhabitants of Ringstead*, 9 Barn. & Cress. 218, and which is referred to by the same author (*side page*, 473,) the court refused to apply to similar words a distributive construction, stating that in the above mentioned cases the intention of the testator, as collected from the context of the will, required such a construction as was given, and decided that until the decease of the tenant for life the estate not devised to her passed to the testator's heir at law.

Now in this case the context of the will does not afford any evidence of an intention on the part of the testator that the words *at her death* are to be ap-

A testator devised to his widow one-third of his landed estate

Moxley, &c.
vs.
Moxley.

during her life,
"and at her
death that part,
with the balance
of my (his) land-
ed estate to be
laid off into sev-
en parts," desig-
nating the per-
sons who were
to take, some of
whom were his
c h i l d r e n and
h e i r s a t-l a w.
Held, that until
the death of the
widow the heirs-
at-law were en-
titled to the use
of the lands, ex-
cept the one-
third which was
devised to the
widow.

plied exclusively to the lands devised to her, and are not to be applied to the rest of the property. And as the devise which is to take effect at the death of the widow, is not exclusively to the heirs of the testator, although it embraces some of them, the rule which would include the heirs in such a case, on the ground that the testator cannot be supposed to mean, where he devises real estate to them at the death of his wife, that they should have any of it in the meantime, does not apply. Where the devise is to the heirs of the testator, then the distributive rule of construction should prevail, because, in consequence of the principle already adverted to, the estate would not pass to them as heirs, and unless it passed to them as devisees, under the operation of this rule of construction, the widow in a case like the present would take by implication, in the lands not expressly devised to her, an estate corresponding to that which she had in the lands so devised, it being a settled rule of construction that a devise to the heir, after the death of another person, creates in that person an estate for life by implication. The contest then would be between the heirs as devisees, and the widow, and as the inference would be, as the testator had expressly given to the widow a life estate in part of the land only, that he did not intend her to have any interest in the residue of it, and as the heirs being devisees could not take by descent it would be proper to apply the distributive rule of construction, and thereby give the residue of the land, not expressly devised to the widow, to the devisees.

Here, however, there is nothing to exclude the heirs at law, or to prevent the estate, not devised until the death of the widow, from passing to them in the meantime. And as it is a maxim of the law that the heirs can only be excluded by express devise or necessary implication, and as there is no express devise of the land not given to the widow, until her death, and no implication arises in favor of the

widow, inasmuch as the devise which is to take effect at her death is not to the heirs at law, they are not excluded in this case either by express devise or by necessary implication, and have a right to the landed estate of the testator, not devised for life, until the death of the widow, at which time the general devise of the land will take effect.

Wherefore, the judgment is affirmed.